IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: AMERICAN MEDICAL SYSTEMS, INC.
PELVIC REPAIR SYSTEMS
PRODUCT LIABILITY LITIGATION                MDL No. 2325

------------------------------------------------------------------
THIS ORDER RELATES ONLY TO CIVIL ACTIONS:

| | |
|---|---|
| **Centola v. AMS, Inc.** | **2:14-cv-29705** |
| **Elkins v. AMS, Inc.** | **2:14-cv-30578** |
| **Casias v. AMS, Inc.** | **2:14-cv-30580** |

### ORDER

Pending before the court are the Plaintiffs' Motions for Protective Order and Motions to Quash Subpoenas for Deposition of Dr. Earle Pescatore. (ECF No. 9 in each case). Defendant responded to the motions, and Plaintiffs have replied. Therefore, the motions are ready for disposition. For the reasons that follow, the court **DENIES** Plaintiffs' motions.

Defendant American Medical Systems, Inc. ("AMS") seeks to depose Dr. Pescatore, a physician who performed mesh explant surgeries on Plaintiffs in the above-styled civil actions. AMS believes that discovery is warranted not only because Dr. Pescatore is a treating physician, but also because AMS believes the circumstances surrounding his surgeries are "suspect." AMS points to the geographical distance between Dr. Pescatore's office and Plaintiffs' residences; the lack of any existing or ongoing treatment relationship between Dr. Pescatore and Plaintiffs; the fact that some of the plaintiffs learned of Dr. Pescatore from lawyers involved in mesh litigation; and Dr. Pescatore's refusal to accept

insurance to cover the cost of the procedures. AMS indicates that Plaintiffs share the same legal counsel in this multidistrict litigation ("MDL"). AMS contends that it was willing to work with Plaintiffs' counsel to find a convenient date for Dr. Pescatore's deposition in all three cases; however, Plaintiffs' counsel refused to participate. Consequently, AMS proceeded to schedule the depositions to take place on December 5, 2015, a date convenient for Dr. Pescatore and his lawyer.

Plaintiffs move for a protective order and for an order quashing the deposition subpoenas served on Dr. Pescatore on the ground that the above-styled cases are not bellwether or discovery-pool cases and have not been scheduled for trial. Moreover, the parties have not conferred as required by Federal Rule of Civil Procedure 26(f), which is a prerequisite to conducting discovery.[1] Plaintiffs argue that AMS is acting on manufactured suspicions involving Dr. Pescatore, despite Plaintiffs' testimony that they purposefully selected him for their explant surgeries based upon his experience and reputation. Plaintiffs maintain that AMS has no legal basis upon which to depose Dr. Pescatore.

Contrary to Plaintiffs' assertion, Federal Rule of Civil Procedure 26(b) authorizes a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." It is this rule that provides the legal basis for AMS to depose Dr. Pescatore. Clearly, Dr. Pescatore's testimony is relevant to Plaintiffs' claims, as he treated Plaintiffs for the medical condition/device about which they now complain, and his treatment costs will be included as an element of damages in their actions against AMS. With respect to Plaintiffs' contention that Rule 26(f) requires a discovery conference in

---

[1] Plaintiffs also complain that AMS did not discuss the scheduling of the depositions prior to unilaterally selecting a date and issuing notices and subpoenas. However, that argument was in reference to an earlier-scheduled date, which has now been abandoned.

each individual case prior to the initiation of discovery, the court has ordered otherwise in this MDL. In Pretrial Order No. 1, the court stayed discovery in the MDL pending completion of an initial conference and various other tasks. (ECF No. 8). After finishing the preliminary matters, the court lifted the stay in Pretrial Order No. 10, allowing the parties to engage in discovery. (ECF No. 10). That Order applies to all cases filed in the MDL regardless of their dates of filing. (*Id.*) Although the court has issued numerous pretrial orders[2] since Pretrial Order No. 10, the undersigned knows of no Order prohibiting AMS from taking the deposition of a treating physician in an individual case, even when the case has not been selected as a bellwether or discovery-pool case, and is not set for trial. If such an Order exists, Plaintiffs failed to bring it to the undersigned's attention. Accordingly, no prohibition to the depositions exist, and Plaintiffs' motions are **DENIED**.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** November 16, 2015

_____
Cheryl A. Eifert
United States Magistrate Judge

---

[2] Two hundred Pretrial Orders have been entered in this MDL at last count.