**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:  AMERICAN MEDICAL SYSTEMS, INC.
        PELVIC REPAIR SYSTEMS
        PRODUCT LIABILITY LITIGATION        MDL No. 2325

---------------------------------------------------------------
THIS ORDER RELATES ONLY TO CIVIL ACTIONS:

| | |
|---|---|
| **Centola v. AMS, Inc.** | **2:14-cv-29705** |
| **Elkins v. AMS, Inc.** | **2:14-cv-30578** |
| **Casias v. AMS, Inc.** | **2:14-cv-30580** |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending in the three above-styled civil actions is Defendant's Expedited Motion to Compel Deposition Testimony and Production of Documents and for Sanctions.[1] An Order was entered providing a briefing schedule on the motion,[2] and the time for filing responses in opposition to the motion has expired. For the reasons set forth below, the court **GRANTS** Defendant's motion to compel testimony and documents, but holds in abeyance a ruling on Defendant's motion for sanctions.

I.    **<u>Relevant Facts</u>**

This multidistrict litigation ("MDL") involves pelvic mesh products manufactured, marketed, and distributed by American Medical Systems, Inc. ("AMS"). The products include surgical mesh intended to be permanently implanted during operative procedures for the treatment of pelvic organ prolapse and stress urinary incontinence. Plaintiffs

---

[1] ECF No. 50 in *Centola v. AMS*; ECF No. 47 in *Elkins v. AMS*; ECF No. 49 in *Casias v. AMS*.

[2] Counsel for AMS notified Mohammad-Zoheb Bhojani of the briefing schedule as he has not appeared on the record.

claim, in relevant part, that the mesh is defective, causing harm to the body and leading to complications, such as chronic pain and scarring. Consequently, some of the plaintiffs have undergone surgical procedures to revise the implanted mesh, or to remove it altogether ("corrective surgery").

In the course of discovery, AMS learned that a portion of the plaintiffs had their corrective surgeries arranged and funded through third-party funding companies. According to AMS, these arrangements were frequently complex, often expensive, and occasionally unnecessary, as some of the plaintiffs receiving the funding had health insurance to cover similar procedures. AMS was stymied in its efforts to discover the details of the funding arrangements from the plaintiffs, who seemed to know little more about them than AMS. Confronted with a lack of transparency regarding a key element of damages, AMS began seeking information from nonparties about the third-party funding of corrective surgeries. At issue were both the cost and the medical necessity of the procedures.

On January 8, 2016, AMS served subpoenas for testimony and records on the Records Custodian of Optimum Orthopedics & Spine and on Muhammad-Zoheb Bhojani, CEO and Manager of Optimum Orthopedics & Spine. The deponents were instructed to appear on January 28, 2016 at 9:00 a.m. at a nearby court reporter's officer in Orlando, Florida and to bring the requested documents with them. The subpoenas included the standard information about the deponent's duties in responding, the protections afforded to the deponent, and steps to take in order to request quashal or modification of the subpoena. On January 28, Mr. Bhojani appeared, both in his individual capacity and as the records custodian for Optimum Orthopedics & Spine. Although he brought some records with him, it quickly became apparent that Mr. Bhojani had not read the subpoena

carefully and had not made a conscientious effort to comply with the document requests.

The deposition commenced with Mr. Bhojani explaining that he managed Optimum Orthopedics & Spine and was appearing in response to both subpoenas. Mr. Bhojani answered preliminary questions, but when the line of inquiry turned to Mr. Bhojani's dealings with lawyers representing plaintiffs in pelvic mesh cases, Mr. Bhojani replied: "I don't feel comfortable answering that question without my attorney. I don't see why I'm being asked these questions, too be honest with you." Ultimately, Mr. Bhojani refused to answer any such questions, asserting his Fifth Amendment right against self-incrimination. Mr. Bhojani continued to plead the Fifth Amendment in response to any question he did not wish to answer, regardless of whether or not the question implicated him criminally. The deposition concluded with Mr. Bhojani sharing little substantive information regarding the arranging, scheduling, and funding of corrective surgeries.

II.   <u>**Analysis**</u>

AMS seeks an Order compelling Mr. Bhojani to appear at his own expense for a reconvened deposition on behalf of himself and Optimum Orthopedics & Spine to answer questions regarding the funding of corrective surgeries, and to produce the subpoenaed documents. In addition, AMS requests an award of reasonable fees to reimburse it for the costs of both depositions and the cost of filing the motion to compel, and for monetary sanctions to punish Mr. Bhojani for wasting the time of counsel and the court.

Fed. R. Civ. P. 37(a) allows a party to move the court for an order compelling discovery. When the discovery is sought from a nonparty, the motion generally must be made "in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). Similarly, Rule 45(g) provides that "the court for the district where compliance is required" may hold in contempt a person "who, having been served, fails without

adequate excuse to obey [a] subpoena or an order related to it." In this case, the subpoenas served on Mr. Bhojani and his company were issued by this court, but the depositions and document production were to occur in Orlando, Florida. Consequently, the district of production and compliance was the Middle District of Florida, and a motion to compel or for contempt would normally be filed in that district court.

Nevertheless, under 28 U.S.C. § 1407, a court presiding over multidistrict litigation may "exercise the powers of a district judge *in any district* for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings" (emphasis added). Moreover, courts have specifically held that the authority granted to a presiding court under § 1407 extends to other pretrial matters, such as the production of documents, "even when the subpoena is not issued in conjunction with a deposition." *In re Genetically Modified Rice Litigation,* Case 4:06-MD-1811 CDP, 2009 WL 3164425, *1 (E.D.Mo. Sept. 28, 2009)(collecting cases). Indeed, "the rationale underlying the MDL statute of 'just and efficient' resolution of pretrial proceedings requires the conclusion that Section 1407(b)'s grant of authority applies to both deposition subpoenas and documents-only subpoenas." *In re Neurontin Marketing, Sales Practices, and Product Liability Litigation,* 245 F.R.D. 55, 58 (D.Mass. 2007) (quoting *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America,* 444 F.3d 462, 469 n.4 (6th Cir. 2006)). Thus, a presiding court "may compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt, notwithstanding the nonparty's physical situs in a foreign district where discovery is being conducted." *Id.* (quoting *U.S. ex rel. Pogue,* 444 F.3d at 468-69 (6th Cir. 2006)). Therefore, this court has jurisdiction to grant the relief requested by AMS.

4

Having reviewed the deposition transcript of Mr. Bhojani, the undersigned makes the following findings:

1.  Mr. Bhojani was served with the subpoenas and appeared in response to them;

2.  Mr. Bhojani did not file a motion for a protective order, or a motion to quash or modify the subpoenas;

3.  Mr. Bhojani failed to conduct a reasonable search of company records in order to comply with the subpoenas;

4.  Mr. Bhojani's document production did not comply with the subpoenas;

5.  Mr. Bhojani failed to answer questions asked under Fed. R. Civ. P. 30, asserting a Fifth Amendment privilege when such a privilege was inappropriate;

6.  Mr. Bhojani's actions prevented the parties from obtaining reasonable discovery.

7.  Mr. Bhojani did not comply with either subpoena.

Therefore, the court **ORDERS** Muhammad-Zoheb Bhojani, President and CEO of Optimum Orthopedics & Spine, to appear for a reconvened deposition on **March 11, 2016 at 9:00 a.m**. pursuant to subpoena, on behalf of himself and as the custodian of records of Optimum Orthopedics & Spine, to produce all documents requested in the attachment to the subpoenas for testimony, and to provide answers to all questions unless a **valid** privilege or protection applies.

With respect to AMS's motion for reasonable fees and sanctions, AMS shall have through and including **March 18, 2016** in which to file an affidavit of reasonable fees and expenses claimed by AMS, as well as any supportive documentation or argument to justify the amount of fees, expenses, and sanctions requested. *See Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243-44 (4th Cir. 2009). Failure to timely file the affidavit and supporting documentation shall result in a denial of fees, costs, and

sanctions. **Muhammad-Zoheb Bhojani** shall have through and including **April 8, 2016** in which to respond to AMS's submissions. The response shall include any justification that would obviate against an award of expenses and sanctions, or, in the alternative, shall include a statement identifying the attorney and/or party whose conduct necessitated the motion to compel. Failure to file a response shall be deemed an admission of or agreement with the representations and arguments of AMS. AMS shall have through and including **April 18, 2016** in which to file a reply memorandum. At the conclusion of the period allowed for briefing, the Court shall either schedule a hearing, or simply rule on the request for reasonable fees and costs.

Counsel for AMS is **ORDERED** to serve a copy of this Order on Muhammad-Zoheb Bhojani.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** February 25, 2016

Cheryl A. Eifert
United States Magistrate Judge

6